DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The Summit County Court of Common Pleas convicted Marcel McDaniel of receiving stolen property, in violation of R.C.2913.51(A). His conviction followed a jury trial on that charge, and two other related charges, including murder. The jury found him guilty of receiving stolen property, and not guilty of the other two offenses. After the prosecution rested, and again at the close of the trial, McDaniel made a motion for acquittal pursuant to Crim.R. 29. The trial court denied his motion. McDaniel has appealed from his conviction.
McDaniel has asserted that the trial court erred when it denied his motion for acquittal, because there was insufficient evidence to establish that he had received stolen property. His assignment of error is overruled and the judgment of the trial court is affirmed.
The Ohio Supreme Court describes appellate review of an assertion that the evidence was not sufficient to support the verdict as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. The reviewing court is to assess "not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Statev. Thompkins (1997), 78 Ohio St.3d 380, 390. (Cook, J. concurring). To support a conviction for receiving stolen property, the prosecution had to present evidence that, if true, would convince the average mind beyond a reasonable doubt that McDaniel "receive[d], retain[ed], or dispose[d] of property of another knowing or having reasonable cause to believe that the property [was] obtained through commission of a theft offense." R.C. 2913.51(A).
Brian MacEwan, general manager of Garrett Olds Cadillac, testified at trial that, between December 15 and December 17, 1997, he reported to the police that a vehicle was missing from the dealership. He testified that approximately a month to six weeks later the Akron police returned the missing vehicle to the store. The prosecutor then showed MacEwan a picture, which MacEwan agreed "fairly and accurately portray[ed] that Cadillac."
Detective William Bosak of the Akron Police Department testified that McDaniel came to the police station on February 15, 1998, and asked to speak with him about the homicide that had occurred in Akron on December 31, 1997. Detective Bosak testified that, according to McDaniel, Tarone Coker had asked McDaniel for a ride on the evening of the homicide and that McDaniel had told Coker that "he couldn't give [Coker] a ride because the car that [McDaniel] had been driving was hot." For clarification, the prosecution asked, "This is reference that Cadillac [sic]?" Detective Bosak responded, "Right." He also testified that McDaniel had told him that "[h]e had gone over there hoping somebody would give him $50 so he could purchase the keys to the stolen Cadillac." The prosecutor continued, "[s]o [McDaniel] was basically trying to sell or geek out the stolen Cadillac?" Detective Bosak responded, "The Cadillac."
As General Manager of the dealership, MacEwan's testimony that he reported a missing Cadillac to the police would permit the average mind to conclude that the Cadillac was taken without the owner's permission. MacEwan testified that the Cadillac was later returned to him by the Akron police. He identified the missing Cadillac via a photograph that was in the possession of the prosecution. Detective Bosak testified that when McDaniel admitted to him that the car he had been driving was "hot," he was referring to "that Cadillac." Because there was no testimony during the trial about any other Cadillac, a person of average mind would have concluded that the Cadillac McDaniel referred to as "hot" was the same Cadillac that MacEwan identified as owned by, and missing from, the dealership
One common meaning of the term "hot" is stolen. It is a reasonable inference that McDaniel's used the term "hot" to mean stolen rather than as a description of the car's temperature. The later remarks, although ambiguous, can reasonably be interpreted to mean that McDaniel wanted money to purchase replacement keys for the vehicle so that he could appear to possess it legitimately in order to sell it to an unsuspecting buyer. McDaniel's admission that the car he had been driving was "hot," when taken as true, was sufficient to establish both that McDaniel knew that the vehicle was probably obtained through a theft offense and that he retained it and intended to dispose of it.
The evidence presented by the state, if taken as true, was sufficient to convince a rational trier of fact that the state had proven each element of the crime beyond a reasonable doubt. Because of this, McDaniel's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT
SLABY, J., CARR, J., CONCUR.